UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: CR99-0537-MJP |
| Plaintiff, ) | |
| v. ) | SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE |
| CARL WALLACE SIEMERING, ) | |
| Defendant. ) | |

An evidentiary hearing on supervised release revocation in this case was scheduled before me on June 7, 2005. The United States was represented by Floyd G. Short and the defendant by Thomas W. Hillier II. The proceedings were recorded on cassette tape.

Defendant had been sentenced on or about December 13, 1999 by the Honorable Marsha J. Pechman on a charge of Bank Fraud and sentenced to 54 Months Custody, 5 years Supervised Release.

The conditions of supervised release included requirements that defendant comply with all local, state, and federal laws and with the standard conditions of supervision. Other special conditions included no firearms, narcotic addiction/drug dependency treatment and testing, refrain from alcohol and other intoxicants, submit to search, participate in a mental health program, provide access to financial information, no new credit without approval of probation officer, restriction on self-employment and other employment restrictions as specified, restrictions on

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS TO
ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE 1

possessing identification documents in any but defendant's true name, and restitution in the amount of $749,812.35.

On January 15, 2004, defendant admitted to violating the terms of supervised release by failing to notify his probation officer of a change in residence, failing to notify his probation officer of a change in employment, failing to follow the instructions of his probation officer, and obtaining new credit and a loan without the permission of his probation officer. (AR 249) An additional allegation regarding failure to follow the instructions of his probation officer was also admitted, and a nine month sentence of incarceration was imposed, followed by three months in a community corrections center and 24 months supervised release.  Additional terms of supervised release were imposed, restricting defendant from driving a vehicle registered to anyone  else except in an emergency, purchasing or registering a vehicle or other item in anyone else's name, and selling or bartering for goods without permission. (AR 261)

In an application dated March 21, 2005, Senior U.S. Probation Officer Calvin K. Bouma alleged the following violations of the conditions of supervised release (AR 266):

1.    Driving a vehicle not registered or owned by him on or about March 9, 2005 in violation of the special condition that he not drive any vehicle registered to anyone other than himself except in an emergency situation.

2.    Making a false statement to the probation officer on or about March 14, 2005 in violation of standard condition No. 3.

Defendant was advised in full as to those charges and as to his constitutional rights.

Defendant admitted each of the alleged violations and waived any evidentiary hearing as to whether they occurred.

I therefore recommend the Court find defendant violated his supervised release as alleged and that the Court conduct a hearing limited to the issue of disposition.  The next hearing will be set before Judge Pechman.

/ / /

Pending a final determination by the Court, defendant has been released on the conditions of supervised release.

DATED this 7th day of June, 2005.

_Mary Alice Theiler_
Mary Alice Theiler
United States Magistrate Judge

cc:  District Judge:          Honorable Marsha J. Pechman
     AUSA:                    Floyd G. Short
     Defendant's attorney:    Thomas W. Hillier II
     Probation officer:       Calvin K. Bouma

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS TO
ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE 3